UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| OPERATING ENGINEERS LOCAL #234 HEALTH AND WELFARE FUND, by its Trustees, OPERATING ENGINEERS LOCAL #234 APPRENTICESHIP and TRAINING FUND, by its Trustees, and CENTRAL PENSION FUND OF INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by its Trustees, <br><br>    Plaintiffs, <br><br>vs. <br><br>KEY CITY EXCAVATING, INC. <br><br>    Defendant. | Civil No. _____ <br><br><br><br><br><br><br><br>**COMPLAINT FOR MONEY DUE** |

**COME NOW THE PLAINTIFFS**, the separate and individual Board of Trustees of Operating Engineers Local #234 Health and Welfare Fund ("Health and Welfare Fund"), Operating Engineers Local #234 Apprenticeship and Training Fund ("Apprenticeship Fund"), and the Central Pension Fund of the International Union of Operating Engineers and Participating Employers ("Central Pension Fund") (collectively, the "Funds"), by their attorney, for their claim for relief against Defendant, Key City Excavating, Inc. ("Key City Excavating") state:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this action under Section 502 of the Employee Retirement Income Act of 1974 ("ERISA"), as amended, 29 U.S.C. §1132(a)(3), and under

Section 301 of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a). This is an action to collect fringe benefit contributions owed by the Defendant to the Plaintiff Funds. Plaintiffs seek payment of the unpaid contributions, interest thereon, liquidated damages as provided by law, and attorneys' fees and costs of this action, an order allowing Plaintiffs' representative to immediately audit the financial books and records of Defendant to determine the amount of contributions owed to the Funds, and such other relief as the Court deems appropriate pursuant to Sections 502(g)(2)(A-E) and 515 of ERISA, 29 U.S.C. Section 1132(g)(2)(A-E), 1145.

## PARTIES

2.      Plaintiffs are jointly-trusteed (equal number of employer and union trustees) trust funds created and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5), and are "multiemployer plans" as defined in Section 3(37) of ERISA, 29 U.S.C §1002(37). The Health and Welfare Fund and Apprenticeship Fund are administered in Des Moines, Iowa. The Central Pension Fund is administered at 4115 Chesapeake Street, N.W., Washington, D.C.

3.      Each of the Funds is established and maintained pursuant to an Agreement and Declaration of Trust. The Funds provide benefits to employees performing work covered by collective bargaining agreements negotiated by the International Union of Operating Engineers Local Union #234, Des Moines, Iowa ("Local #234"). The collective bargaining agreements require that contributions be made to the Funds at rates set forth in the collective bargaining agreements for each hour worked by employees covered by the collective bargaining agreements.

4. The respective Boards of Trustees are "fiduciaries" with respect to the Funds, as defined in Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A), and are empowered to bring this action pursuant to Section 502(a) and 502(g)(2) of ERISA, 29 U.S.C. §1132(a) and §1132(g)(2).

5. Defendant Key City Excavating is an Iowa corporation with its principal place of business in Dubuque, Iowa. Defendant transacts business in the State of Iowa as an employer in an industry or activity in commerce as defined in §§ 501(1), (3), and 2(2) of LMRA, 29 U.S.C. §142(1), (3), and 152(2); §3(5), (9), (11), (12) and (14) of ERISA, 29 U.S.C. §1002(5), (9), (11), (12) and (14); and § 3 of the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §1001(a).

## COUNT I

6. On May 6, 2015, Defendant Key City Excavating became a signatory Employer to the Heavy Highway Construction Agreement by and between the International Union of Operating Engineers Local No. 234 and the Heavy Highway Contractors Association (the Agreement). The Agreement provides that it is in force and effect from December 1, 2014 until the November 30, 2017 and shall renew from year to year thereafter unless either party serves written notice upon the other of intent to modify or terminate the Agreement no less than 60 days prior to any expiration date. No such written notice has been served by either party as of the date of filing.

7. Pursuant to the Agreement, Defendant agreed to pay on behalf of its employees to the Funds certain sums of money, at rates established by the Agreement, for each hour worked by employees of Defendant who are covered by the Agreement.

8. Defendant employed certain employees covered by the Agreements during 2015, 2016 and 2017.

9. Defendant failed to submit all contributions owed for this period of time.

10. In or around February of 2017, an audit of the Defendant's books and records for 2015 and 2016 was performed on behalf of the Plaintiff Funds. The audit revealed deficient contributions to the Plaintiff Funds in an amount in excess of $40,000.

11. Additionally, the Defendant has demonstrated an ongoing failure to pay contributions owed in 2017 in amounts yet to be determined. An audit of the books and records of the Defendant will be required to confirm the amount of contributions owed for the period beyond December 31, 2016.

12. Pursuant to 11 U.S.C. §1132(g)(2), and in compliance with the terms of the Agreement, the Plaintiffs seek judgment for:

    a. The unpaid contributions due to the Funds:
    b. Interest on the unpaid contributions;
    c. An amount equal to the greater of:
        i. Interest on the unpaid contributions; or
        ii. Liquidated damages provided for under the Plan in an amount not in excess of twenty percent (20%) (or such higher percentage as may be permitted under Federal or State law of the amount determined to be delinquent);
    d. Reasonable attorneys' fees and costs of this action; and
    e. Other legal or equitable relief as appropriate.

**WHEREFORE**, Plaintiffs pray for judgment against the Defendant for unpaid contributions due to the Funds, interest and liquidated damages on the unpaid contributions, for attorney's fees and costs, and for such further relief as the Court deems appropriate.

                                                  /s/ Joan M. Fletcher
                                        Joan M. Fletcher (AT#0002606)
                                        DICKINSON, MACKAMAN, TYLER & HAGEN, P.C.
                                        699 Walnut Street, Suite 1600
                                        Des Moines, Iowa  50309-3986
                                        Telephone:  (515) 244-2600
                                        Facsimile:  (515) 246-4556
                                        jfletcher@dickinsonlaw.com
                                        ATTORNEYS FOR PLAINTIFFS